to judgment. All concur, except Taylor and Edgcomb, JJ., who dissent and vote for reversal on the ground that the motion is premature.

WILLIAM J. WARREN, Respondent, v. WILLIAM J. DOTY, as Administrator, etc., of FRANK M. REEVES, Deceased, Appellant.— Order modified by providing that the stay is upon condition that the action against the insurance company be brought on or before May 20, 1932, and thereafter prosecuted diligently by the plaintiff therein to judgment. All concur, except Taylor and Edgcomb, JJ., who dissent and vote for reversal on the ground that the motion is premature.

THE HAYES NATIONAL BANK, Respondent, Appellant, v. WALTER J. CHYNO-WETH, Appellant, Respondent. (FRANK W. RUSS and Another, Respondents on Defendant's Appeal.) — Order denying motion to bring in parties defendant affirmed, with ten dollars costs and disbursements to the plaintiff and ten dollars costs and disbursements to the respondents Russ and Stillman. It is well settled law that under section 193 of the Civil Practice Act █ defendant, the maker of the note, cannot against plaintiff's protest bring in drawee-indorsers as parties defendant to try out against them a claimed cause of action for damages based on wrongful diversion of the note. Order denying motion for summary judgment reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Defendant presents nothing to indicate that the Utica Trust and Deposit Company did not obtain title to the promissory note as a holder in due course. (Neg. Inst. Law, §§ 91, 95.) █ Therefore, plaintiff is a holder in due course, there being nothing in the record to show that it had been itself a party to any fraud or illegality. (Neg. Inst. Law, § 97.) All concur.

ROBERT G. GIBBS, as Administrator, etc., of ROBERT GIBBS, JR., Deceased, Appellant, v. LEHIGH VALLEY RAILROAD COMPANY, Respondent.— Judgment affirmed, with costs. (See Castle v. Director-General of Railroads, 232 N. Y. 430; Allen v. Erie R. R. Co., 244 id. 542; Schrader v. N. Y. C. & St. L. R. R. Co., 254 id. 148.) All concur, except Thompson and Crosby, JJ., who dissent and vote for reversal on the law and for granting a new trial on the ground that this is a death case where the burden of proving contributory negligence rests upon defendant. There is no proof that decedent did not look and listen. There is proof that defendant's train gave no signal, and, therefore, listening would have availed nothing. There is proof that looking might have led to decedent's confusion, due to electric lights of various kinds competing with the locomotive light. Under the conditions existing because of these confusing cross lights, decedent had a right to expect a signal by bell or whistle. At least the jury could have found that defendant's failure to sound bell or whistle, coupled with the difficulty decedent met in identifying the locomotive light, relieved decedent of the imputation of negligence. He cannot be said to be guilty of negligence as a matter of law. The cases relied on for the decision made herein were daylight cases, without any confusing lights, where it was not so necessary to rely on the signal by bell or whistle.

HICKSON ELECTRIC COMPANY, INCORPORATED, Respondent, v. WILLIAM H. SCOTT, Doing Business as SCOTT PUMP COMPANY, Appellant.— Judgment affirmed, with costs. All concur.

COMMERCIAL CREDIT CORPORATION, Respondent, v. RIVERSIDE WHIPPET,